UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS DANNY SOTO,

                    Plaintiff,

        -against-

ENDEAVOR GROUP HOLDINGS, INC., a/k/a
William Morris Endeavor, a/k/a WME-ING,
California company, et. al,

                    Defendants.

1:25-CV-1545 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff Luis Danny Soto, of the Bronx, New York, who is appearing *pro se*, filed this action invoking the court's diversity jurisdiction, asserting claims under state law. (ECF 1, at 9-10.) He also asserts that Defendants' "tortious conduct violated United States Federal Rico Laws." (*Id.* at 10.) Plaintiff seeks unspecified damages and sues: (1) Endeavor Holdings, Inc., also known as both William Morris Endeavor and WME-IMG, a California company; (2) IMG, also known as International Management Group, a New York company; (3) TKO Group Holdings, Inc., also known as TKO, a New York corporation; (4) TKO Operating Company, LLC, also known as Zuffa, Inc., a Nevada company; (5) World Wresting Entertainment, also known as Capital Wrestling Corporation, CWC, WWE, WW, WWF, World Wrestling Federation, WWWF, and World Wide Wrestling Federation, a Connecticut company; (6) Ultimate Fighting Championship, also known as UFC, a Nevada company; (7) Dwayne Douglas Johnson; (8) Dany Garcia Rienzi, a California resident; (9) Seven Bucks Productions, Inc., a New York corporation with its principal place of business in California; (10) Ari Emmanuel; (11) Patrick Whitesell; (12) Dana Frederick White Jr.; (13) Vincent Kennedy McMahon; (14) Shane McMahon; (15) Stephanie McMahon; and (16) Paul Levesque.

The Court construes Plaintiff's complaint as asserting civil claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, under the court's federal question jurisdiction, as well as civil claims under state law, under either the court's diversity jurisdiction or supplemental jurisdiction.

By order dated March 10, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff's complaint is premised upon the existence of an alleged conspiracy by professional wrestling organizations, their officers and employees, famous professional

wrestlers, and others to harm Plaintiff, and who have also allegedly forged a corrupt cabal with judges, politicians, law enforcement personnel, and others.

The following allegations are drawn from the complaint.[1] Plaintiff alleges, among other things, that:

> [e]vidence will show that the WWE has a history of corrupting officials in Connecticut, New York, Florida and Georgia. Known for paying hush money to judges, prosecutors and senators. In fact, the only reason the WWE and the UFC merged was to circumvent the laws that hold their action liable in the Atlantic States. Their corrupt actions and history of racism have led to the discrimination pathways and its effects in causal health where their companies pray on law enforcement and civilians for drug therapy. From 2021 and through 2024 Plaintiff was assaulted, threatened, harassed, stalked, put in danger, and discriminated against by the legal departments, personnel departments, managers, executives, board members, shareholders and employees of Endeavor Group Holdings, Inc. ("Endeavor"), IMG, TKO Group Holdings ("TKO"), World Wrestling Entertainment ("WWE"), Ultimate Fighting Championship ("UFC") and a company owned and operated by Dwayne Douglas Johnson and Dany Garcia Rienzi, Seven Bucks Productions. Without consent or knowledge, equipment was installed in [Plaintiff's] home that is used to treat mental disorders common among drug abusers. This equipment was used on [Plaintiff] without [his] consent. They allowed the equipment to be used by other companies, celebrities, athletes, politicians including Donald Trump and his family, and law enforcement. Endeavor, IMG, TKO, WWE, UFC and Seven Bucks Productions allowed the equipment to be used by its executives managers, colleagues, employees and their families, friends, favorite universities, politicians, law enforcement officials et al. Collusion between these parties and others has occurred to defraud [Plaintiff] of [his] rights and these parties have conspired to accomplish something forbidden by law causing moral injury to [Plaintiff's] being.

(ECF 1, at 2-3.)

<b>DISCUSSION</b>

**A.    This action is frivolous**

The Court must dismiss this action as frivolous. Under the IFP statute, a court must dismiss an action if it determines that the action is, among other things, frivolous. 28 U.S.C.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

§1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks (quoting *Denton*, 504 U.S. at 32-33)); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

As discussed above, Plaintiff's allegations are about an alleged conspiracy by professional wrestling organizations, their officers and employees, famous professional wrestlers, and others to harm Plaintiff, and about an alleged corrupt cabal they forged with judges, politicians, law enforcement personnel, and others. However, a "[p]laintiff's beliefs—however strongly he may hold them—are not facts." *Morren v. New York Univ.*, No. 1:20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his assertion of the existence of the abovementioned conspiracy to harm him. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 1:13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010)

4

(even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

The Court finds that Plaintiff does not provide any plausible factual support for his claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the Court with a narrative of what he believes—that Defendants have conspired to injure him. He has pleaded no plausible factual predicate, however, in support of his assertions. Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and are, therefore, frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, Nos. 17-CV-2652, 17-CV-5458, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible" (footnote omitted)). The Court therefore dismisses this action as frivolous. *See* § 1915(e)(2)(B)(i).

**B.      Leave to amend denied**

Federal district courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that Plaintiff is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide

additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 1:18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## C.    Warning

This is not the first time that this Court has dismissed as frivolous a *pro se* civil action brought by Plaintiff. *See Soto v. New York*, No. 1:25-CV-1543 (LLS), 2025 WL 1591761 (S.D.N.Y. June 4, 2025); *Soto v. Tesla Inc.*, No. 1:25-CV-1544 (LLS), 2025 WL 1591794 (S.D.N.Y. June 4, 2025). In light of Plaintiff's abovementioned litigation history in this court, the Court warns Plaintiff that, if he brings further frivolous or otherwise nonmeritorious litigation in this court, the court may issue an order barring him from filing future civil actions in this court IFP unless he receives leave from the court to file, *see* 28 U.S.C. § 1651; *Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:    April 14, 2026
            New York, New York

_____
                Louis L. Stanton
                U.S.D.J.

6